

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00404-CV

**IN THE INTEREST OF D.T.C.L.** and B.J.K., Children

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-00985
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Rebeca C. Martinez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  October 28, 2015

AFFIRMED

L.W., who we will refer to as "Mother," appeals the trial court's order terminating her parental rights to her children, D.L. and B.K. In one issue, she challenges the legal and factual sufficiency of the evidence to support the finding that termination was in the best interest of the children. We affirm the trial court's order.

### BACKGROUND

A bench trial was held on the matter on June 29, 2015. Warren Sheridan, the caseworker for the Texas Department of Family and Protective Services, testified that D.L. was removed from the home in April 2014 due to domestic violence between Mother and her paramour and due to drug use in the home. D.L. was two years old at the time of trial. B.K. was born on August 15, 2014, and the Department was appointed her temporary managing conservator after that time.

B.K. was ten months old at the time of trial. It was believed that Mother used drugs during her pregnancy with B.K. because Mother tested positive for methamphetamines three days after B.K.'s birth. According to Sheridan, the Department attempted to get Mother into drug treatment as early as January 2014. Mother attended for a "stent" [sic] but decided to leave. Sheridan stated that, to this day, Mother has not addressed her issues with drug and alcohol abuse. Sheridan testified that plans of service were prepared for Mother. He further stated that Mother did not complete all of her services, including counseling, drug treatment, and domestic violence class.

At the time of trial, both D.L. and B.K. were living with relatives who planned to adopt them if parental rights were terminated. Sheridan testified that Mother had not consistently visited either child. Specifically, she had visited D.L. only four times and B.K. only twice since January 2015. Sheridan stated that Mother did not have housing or a job, and was not able to provide a safe and stable environment for the children. He further stated that Mother continues to struggle with issues related to her mental and physical health. She tested positive for amphetamines and methamphetamines one month prior to trial.

Mother appeared telephonically at trial. She explained that her visits with the children had been sporadic due to illness and bad weather. She was ready for the children to be returned to her, and had rooms ready for each child. Mother testified that she was currently enrolled in a drug rehabilitation and detox program that offered a domestic violence course, and thus was optimistic that she could complete the requirements of her service plans if given more time. Mother conceded that relapse is a part of recovery, and stated that she had used methamphetamines the day before trial.

At the conclusion of the bench trial, the trial court terminated Mother's parental rights pursuant to Texas Family Code sections 161.001(1)(N), (O)[1], and (P).  *See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O), (P) (West 2014).  The trial court also found that termination of the parent-child relationship was in the best interest of the children.  Mother now appeals, challenging only the finding that termination of the parent-child relationship was in the best interest of the children.

## STANDARD OF REVIEW

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(1); and (2) that termination is in the best interest of the child.  *See id.* § 161.001(1), (2) (West 2014); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).  The applicable burden of proof is the clear and convincing standard.  TEX. FAM. CODE ANN. § 161.206(a) (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002).  "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."  TEX. FAM. CODE ANN. § 101.007 (West 2014).

In reviewing the legal sufficiency of the evidence to support the termination of parental rights, the court must "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true."  *In re J.F.C.*, 96 S.W.3d at 266.  "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so."  *Id.* "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible."  *Id.*

---

[1] As to D.L. only.

In reviewing the factual sufficiency of the evidence to support the termination of parental rights, a court "must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

**APPLICABLE LAW**

There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). However, when the court considers factors related to the best interest of the child, "the prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." TEX. FAM. CODE ANN. § 263.307(a) (West 2014). In determining whether a child's parent is willing and able to provide the child with a safe environment, the court should consider: (1) the child's age and physical and mental vulnerabilities; (2) the frequency and nature of out-of-home placements; (3) the magnitude, frequency, and circumstances of the harm to the child; (4) whether the child has been the victim of repeated harm after the initial report and intervention by the Department or other agency; (5) whether the child is fearful of living in or returning to the child's home; (6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home; (7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home; (8) whether there is a history of substance abuse by the child's family or others who have access to the child's home; (9) whether the perpetrator of the harm to the child is identified; (10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision; (11) the willingness

and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time; (12) whether the child's family demonstrates adequate parenting skills; and (13) whether an adequate social support system consisting of an extended family and friends is available to the child. *Id.* § 263.307(b).

Additionally, in reviewing the sufficiency of the evidence to support the best interest finding, we may apply the factors set out in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include, but are not limited to: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child held by the individuals seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Evidence of only one factor may be sufficient for a factfinder to form a reasonable belief or conviction that termination is the child's best interest, especially if the evidence was undisputed that the parental relationship endangered the child's safety. *Id.*

Finally, evidence that proves one or more statutory grounds for termination may constitute evidence illustrating that termination is in the child's best interest. *Id.* at 28 (holding same evidence may be probative of both section 161.001(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). A best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct

evidence. *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). In addition, the trier of fact may measure a parent's future conduct by his past conduct in determining whether termination of parental rights is in the child's best interest. *Id.*

## ANALYSIS

Although Mother claims that very little credible evidence at trial was adduced concerning several of the section 263.307(b) factors and the *Holley* best interest factors, the Department was not required to prove each and every factor. *See In re C.H.*, 89 S.W.3d at 27. No single *Holley* consideration is controlling, and the fact finder is not required to consider all of the factors. *See Holley*, 544 S.W.2d at 372; *see also A.S. v. Tex. Dep't of Family & Protective Servs.*, 394 S.W.3d 703, 714 (Tex. App.—El Paso 2012, no pet.) (fact finder not required to consider all factors and undisputed evidence of a single factor may be sufficient to support finding that termination is in child's best interest). The trial court heard testimony regarding Mother's continued drug use, her inconsistent visitation with the children, and her failure to complete the court-ordered family service plans. The Department caseworker testified that he was not confident that the children would be in a safe and stable home environment if returned to Mother. The trial court also heard testimony that the children's needs are being met in their current placements. After reviewing the record before us, we conclude the trial court could have formed a firm belief or conviction that it was in the children's best interest that Mother's parental rights be terminated. *See In re J.F.C.*, 96 S.W.3d at 266; *In re C.H.*, 89 S.W.3d at 25.

## CONCLUSION

We overrule Mother's sole issue on appeal and affirm the order of the trial court.

Rebeca C. Martinez, Justice